IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON E. PHALY, | ) |
| | ) |
|    Petitioner, | ) |
| | ) Civil Action No. |
| v. | ) 2:19-cv-823-MHT-SMD |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Brandon E. Phaly is before the Court with his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.[1] For the reasons discussed below, the Magistrate Judge RECOMMENDS that Phaly's § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.    BACKGROUND**

On August 23, 2018, Phaly pleaded guilty under a plea agreement to production of child pornography, in violation of 18 U.S.C. § 2251(a) (Count 1). Doc. 9-1. In exchange for Phaly's guilty plea, the government agreed to dismiss Count 2 of the indictment (for receipt of child pornography) and to recommend a sentence no greater than the 15-year mandatory minimum in 18 U.S.C. § 2251(e). Doc. 9-2 at 2–3. The plea agreement contained a waiver provision in which Phaly waived his right to appeal or collaterally

---

[1] References to document numbers of the pleadings, motions, and other materials in the Court file, as assigned on the docket sheet by the Clerk of Court, are designated as "Doc." Pinpoint citations are to the pages of the electronically filed documents in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

attack his conviction and sentence except on grounds of ineffective assistance of counsel or prosecutorial misconduct. Doc. 9-2 at 7; Doc. 9-1 at 9. After a sentencing hearing on November 13, 2018, the district court sentenced Phaly to 15 years' imprisonment. Doc. 9-4. Phaly did not appeal.

On October 24, 2019, Phaly, proceeding pro se, filed this § 2255 motion presenting conclusory claims that (1) his counsel was ineffective for failing to explain the consequences of pleading guilty, and (2) he is not guilty. Doc. 1; Doc. 6.[2] Phaly seeks "immediate release" from prison. Doc. 1 at 12.

## II.     DISCUSSION

### A.     Legal Standard

The grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. *See also McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines a

---

[2] Because Phaly's initial filing contained only cursory assertions, the Court ordered him to file an amendment clearly identifying the grounds on which he claimed he was entitled to relief and stating specific facts supporting his claims. Doc. 3. Phaly then filed a document (Doc. 6) construed by the Court to be his amendment.

prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The petitioner bears the burden to establish that vacatur of the conviction or sentence is required. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

### B. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

The court indulges a strong presumption that counsel's performance was reasonable and will avoid second-guessing counsel's performance. *Chandler*, 218 F.3d at 1314. As for *Strickland*'s prejudice component, a "reasonable probability" of a different outcome "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Id*. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; see *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1. *Counsel's Failure to Explain Consequences of Guilty Plea*

3

Phaly claims his trial counsel was ineffective for failing to explain the consequences of pleading guilty. *See* Doc. 1 at 1, 5.

In an affidavit filed with the Court, attorney Richard K. Keith, who represented Phaly in his criminal proceedings, addresses this claim:

> Mr. Phaly raises Allegation 1 – Ineffective Assistance of Counsel for failing to adequately explain the plea and sentencing. Mr. Phaly claims I did not explain the consequences to him for pleading guilty.
>
> I met with Brandon Phaly and his mother on numerous occasions to discuss the charges, the discovery, the plea agreement and the sentencing range he was facing. He clearly understood the 15-year sentence, as did his mother.
>
> The Bureau of Prisons Forensic Evaluation quotes him as "understanding that there will be a penalty if he is convicted and acknowledged that he could be sentenced to a significant amount of time in prison." [3]
>
> While he was diagnosed with anxiety and adjustment disorder, the Bureau of Prisons evaluation explains that "these do not adversely impact his ability to understand the nature and consequences of the proceedings against him and to assist properly in his defense."

Doc. 8 at 1–2.

The *Strickland* standard for evaluating claims of ineffective assistance of counsel applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A petitioner alleging ineffective assistance in this context must establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance

---

[3] For purposes of determining his competency to stand trial in the case, Phaly underwent a forensic evaluation conducted by the Bureau of Prisons ("BOP"). *See* Doc. 1-1 at 2. Mr. Keith quotes from the written report of that forensic evaluation that the BOP submitted to this Court. *United States v. Phaly*, Crim. Case No. 2:18-cr-21-MHT-TFM [Doc. 46]. After receipt and review of the BOP report, the district court declared Phaly competent to stand trial. *Id.* [Doc. 47].

"affected the outcome of the plea process." *Hill*, 474 U.S. at 59. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded [not] guilty and would . . . have insisted on going to trial." *Id*.

Phaly does not explain how his attorney Keith fell short in explaining the consequences of pleading guilty to him. Nor does he allege that, had Keith better explained the consequences of pleading guilty, he would not have pled guilty and would instead have insisted on going to trial. From the outset, then, Phaly fails to demonstrate the prejudice required to sustain his claim of ineffective assistance of counsel. *See Hill*, 474 U.S. at 59.

Phaly's claim also conflicts with statements he made at his change of plea hearing. There, the magistrate judge who took his plea asked Phaly if he had reviewed and understood his plea agreement. Doc. 9-1 at 3–4. Under oath, Phaly answered in the affirmative. *Id*. at 4. Phaly affirmed that he had discussed the indictment, and his case "in general," with his counsel and that he was fully satisfied with his counsel's representation. *Id*. at 3. Phaly also affirmed that no one had threatened him or forced him in any way to get him to plead guilty. *Id*. at 4. The magistrate judge fully explained to Phaly the sentence range that would apply upon his conviction (from 15 to 30 years' imprisonment) and explained the rights he was giving up by pleading guilty. *Id*. at 5–6. Phaly represented that he understood these matters. *Id*. at 6. The magistrate judge also questioned Phaly about the

appeal/collateral review waiver in his plea agreement, and Phaly affirmed that he understood the terms of the waiver.[4] *Id*. at 9.

"[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). "There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Phaly doesn't meet his burden to rebut his sworn statements at the change of plea hearing that he understood the consequences of his plea.

The allegations of a § 2255 petitioner, even when accompanied by the petitioner's own affidavit, are insufficient to warrant an evidentiary hearing in the face of a record contravening the petitioner's allegations. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) (stating that, where a defendant tenders only his own affidavit to counter previous directly inconsistent testimony regarding plea coercion, "[t]he district court is entitled to discredit [the] defendant's newly minted story about being threatened when that story is supported only by the defendant's conclusory statements"); *see also Lynn*, 365 F.3d at 1239 ("Because the . . . affidavits submitted by [the movant] amount to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [the] § 2255 motion.").

---

[4] After the magistrate judge's inquiry of Phaly, the magistrate judge found that Phaly was "fully competent and capable of entering into an informed plea"; that he was "aware of the nature of the charges and the consequences of the plea"; and that the plea was a "knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." Doc. 9-1 at 15.

6

Phaly fails to establish deficient performance by his counsel or resulting prejudice. Therefore, he is entitled to no relief on his claim of ineffective assistance of counsel.

### 2. Phaly's Claim That He Is "Not Guilty"

Phaly claims he is not guilty because, he says, the victim, who was 14 years old, "lied to [him] about [her] age." Doc. 1 at 5; Doc. 6.

Although 18 U.S.C. § 2251(a), which prohibits the production of child pornography, requires that the "person who employs, uses, persuades, induces, entices, or coerces any minor[5] to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct" to "know[ ] or ha[ve] reason to know that such visual depiction will be transported" in interstate commerce, the knowledge requirement "does not extend to the age of the minor." *United States v. Smith*, 662 F. App'x 132, 136 (3d Cir. 2016). Thus, knowledge of the victim's age is neither an element of the offense of producing child pornography in violation of § 2251(a) nor an affirmative defense to the charge of producing child pornography. *United States v. Deverso*, 518 F.3d 1250, 1257–58 (11th Cir. 2008).

Phaly's claim that he is not guilty appears to be predicated wholly on his contention that the victim deceived him about her age and thus he lacked knowledge of her age. *See*

---

[5] Under 18 U.S.C. § 2256, "'minor' means any person under the age of eighteen years."

Doc. 6. However, his alleged lack of knowledge does not establish his legal or factual innocence of the offense. Therefore, he is entitled to no relief on this claim.[6]

## III. CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Phaly be DENIED and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **by August 2, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning*

---

[6] The government correctly argues (*see* Doc. 9 at 7–8) that Phaly also procedurally defaulted his "not guilty" claim by failing to raise it in the trial court and on direct appeal. *See McKay*, 657 F.3d at 1196. And Phaly cannot rely on the alleged ineffectiveness of his counsel for failing to raise the claim as "cause" excusing his procedural default. The claim lacks merit, and counsel is not ineffective for failing to argue a meritless claim. *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Because Phaly's "not guilty" claim clearly lacks merit, the Court pretermits discussion of the government's argument (*see* Doc. 9 at 8–9) that the claim is also barred by the collateral review waiver in his plea agreement.

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of July, 2022.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE